UNITED STATES of America, Appellee,

v.

Ronald Kaye ST. PIERRE, Appellant.

No. 86–5284.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1987.
Decided March 3, 1987.

418

Robert B. Anderson, Pierre, S.D., for appellant.

Mikal Hanson, Asst. U.S. Atty., Pierre, S.D., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and WOODS,* District Judge.

HENRY WOODS, District Judge.

The appellant, Ronald Kaye St. Pierre, was convicted of two counts of carnal abuse and sentenced to imprisonment for a concurrent term of eleven years on each count. The victim was his twelve-year-old stepdaughter, Tarace. Because the offenses occurred in Indian country, he was indicted for violations of 18 U.S.C. §§ 1153 and 2032. Appellant does not attack the sufficiency of the evidence but contends that the court erred in several evidentiary rulings and in failing to appoint expert witnesses in his behalf. We affirm.

No useful purpose would be served by a detailed recounting of the sordid facts in this case. When Tarace was an infant, appellant married her mother. He began a pattern of sexual abuse in July, 1984 when his stepdaughter was barely eleven years of age. It continued until October, 1985 and consisted of over fifty episodes of sexual intercourse. The two incidents for which St. Pierre was indicted and convicted occurred in July, 1985. Tarace related them in specific detail to the jury. The relationship ended in October, 1985 when appellant assaulted his wife after an argument over his girl friend. When the family found refuge in a church-sponsored shelter, Tarace confided to her mother that appellant had been sexually abusing her. A

---

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

physical examination corroborated her story.

## I.

■ Appellant first contends that the court erred in excluding the following testimony: (1) that he found a pornographic magazine under Tarace's mattress in the spring of 1984; (2) that he found a *Playboy* type of magazine in her bedroom in the summer of 1984; and (3) that Tarace's ten-year-old sister told him that Tarace was looking at a pornographic magazine in the bathroom and threw it out the window. None of the magazines was produced at the trial. Appellant claims that this evidence would have tended to establish that his stepdaughter's sexual sophistication could have come from these sources instead of the alleged sexual encounters with him. The trial judge [1] excluded the testimony on the basis of Rules 403 and 412 of the Federal Rules of Evidence and excluded item (3), *supra*, on the basis of the hearsay rule. Since we hold that the trial court did not err in excluding the evidence under Rule 403 and the hearsay rule, it is not necessary to reach the question of whether it was properly excluded under Rule 412. The sister's out-of-court statement was clearly hearsay. The trial court's determination under Rule 403 that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice is accorded great deference. *United States v. Boykin*, 679 F.2d 1240, 1244 (8th Cir.1982). The trial court's ruling on the admissibility of evidence will not be reversed on appeal "absent a clear and prejudicial abuse of discretion." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir.1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

## II.

■ The appellant contends that the trial court denied him "due process and fundamental fairness" by its failure to appoint an additional psychologist to examine the victim. In response to a motion by appellant, the government arranged to have the victim evaluated by Dr. Mary Curran, a clinical psychologist with impressive credentials and wide experience in examining sexually abused children. A copy of her report was forwarded to appellant's attorney. No further motion was made by the latter nor was the court requested to make any further ruling on the original motion. By such inaction St. Pierre clearly waived his post-trial request for an additional psychologist "to assist the defendant and examine the complaining witness." *United States v. Lewis*, 547 F.2d 1030, 1033 (8th Cir.1976), *cert. denied*, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977); *United States v. Johnson*, 540 F.2d 954, 959 (8th Cir.1976); *United States v. Dorian*, 803 F.2d 1439, 1446 (8th Cir.1986). His belated argument that the trial judge should have made such arrangements on his own motion is without merit.

## III.

The appellant also contends that the trial court erred in permitting Dr. Curran, the clinical psychologist, to testify as to certain traits and characteristics of sexually abused children as compared with those exhibited by Tarace. The testimony of Dr. Curran that the scientific community recognizes certain emotional and psychological characteristics in sexually abused children stands uncontradicted in the record. After detailing these traits, the expert was permitted to describe those exhibited by the victim herein. She did not testify as to whether she thought Tarace was telling the truth. *Compare United States v. Azure*, 801 F.2d 336, 339–341 (8th Cir.1986).

A fundamental test for the admission of expert testimony is whether it will assist the jury in resolving the factual issues before it. These cases present difficult problems for the jury. The testimony of the accused and the victim is generally in direct conflict. The crime is secretive with extreme pressures against revelation, especially when committed in a family setting.

■ The Supreme Court of Minnesota addressed this precise evidentiary problem in *State v. Myers*, 359 N.W.2d 604 (Minn.

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

1984). That court recognized that the type of testimony presented by Dr. Curran could be very helpful because jurors are at a disadvantage when dealing with sexual abuse of children. "Incest is prohibited in all or almost all cultures, and the common experience of the jury may represent a less than adequate foundation for assessing the credibility of a young child who complains of sexual abuse." *Id.* at 610. This court has commented that the "special concerns arising in the prosecution of child abuse cases have not been fully met by the development of new methods of practice." *United States v. Cree,* 778 F.2d 474, 478 n. 7 (8th Cir.1985). There was no error in admitting this testimony.

**IV.**

■ Appellant moved to have an expert examine him to determine whether he fits the profile of a sexual offender. The motion was denied. The burden rested upon him to satisfy the court that relevant expert testimony was necessary to present an adequate defense. *United States v. Sailer,* 552 F.2d 213 (8th Cir.1977), *cert. denied,* 431 U.S. 959, 97 S.Ct. 2687, 53 L.Ed.2d 278 (1977). The decision to appoint an expert is entrusted to the sound discretion of the trial judge in light of the particular facts. *United States v. Purham,* 725 F.2d 450, 454 (8th Cir.1984). Appellant has cited no decision or scientific treatise that recognizes the acceptability of such testimony. One of the standards for admissibility is that it must have gained the acceptance of the particular field or scientific community to which it belongs. *United States v. Distler,* 671 F.2d 954, 962 (6th Cir.1981) (gas chromatography analysis); *United States v. Cyphers,* 553 F.2d 1064, 1072 (7th Cir.1977), *cert. denied,* 434 U.S. 843, 98 S.Ct. 142, 54 L.Ed.2d 107 (1977) (microscopic comparison of hair samples); *United States v. Franks,* 511 F.2d 25, 33 (6th Cir.1975), *cert. denied,* 422 U.S. 1042, 95 S.Ct. 2654, 45 L.Ed.2d 693 (1975) (voice print analysis). The Supreme Court of New Jersey recently applied this standard to expert testimony offered by a psychiatrist that the accused did not have the psychological profile of a rapist. The testi-

mony was rejected. There was no showing that the scientific community recognized the existence of identifiable traits common to rapists. *State v. Cavallo,* 88 N.J. 508, 443 A.2d 1020, 1026 (1982). "A review of the cases in other jurisdictions does not persuade us that it is generally accepted in the medical or legal communities that psychiatrists possess such knowledge or capabilities." *Id.* at 1027. The trial judge did not abuse his discretion in denying appellant's motion.

**V.**

■ The appellant moved *in limine* to exclude evidence of other sexual relations with the victim beyond those recited in the indictment. The court denied the motion on the basis of Rule 404(b) of the Federal Rules of Evidence. "Thus, prior sexual acts with the prosecutrix are generally admissible in a statutory rape prosecution." *United States v. Gano,* 560 F.2d 990, 992 n. 1 (10th Cir.1970), citing II *Wigmore on Evidence* § 398, pp. 361–365 (3d ed. 1979).

■ The court followed the suggestions contained in *United States v. Azure,* 801 F.2d 336, 342 (8th Cir.1986) and twice gave cautionary instructions to the jury. Immediately after the victim testified about other occasions when appellant had intercourse with her, Judge Porter instructed the jury that her testimony "may be considered by you only to the extent that it bears upon the defendant's opportunity, intent, preparation or plan to commit the acts charged in the indictment." This limiting instruction was repeated at the close of the trial. The trial judge did not abuse his discretion in permitting evidence of other incidents of sexual molestation of this child by the appellant. *United States v. Azure, supra* at 341; *United States v. Estabrook,* 774 F.2d 284, 287 (8th Cir.1985).

**VI.**

No errors appear in the various rulings and orders of the district judge, and he is in all respects affirmed.