UNITED STATES of America, Appellee,

v.

**Roland Richard DRIVER, a/k/a Roland Richard Mousseaux, Appellant.**

No. 91–1389.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 26, 1991.

Decided Oct. 1, 1991.

Rehearing and Rehearing En Banc Denied Nov 14, 1991.

Robert D. Hofer, Pierre, S.D., for appellant.

David L. Zuercher, Pierre, S.D., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and HEANEY and BRIGHT, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

Roland Richard Driver appeals his convictions for assault with a dangerous weapon, 18 U.S.C. § 113(c), 1152 (1988), and use of a firearm during a crime of violence, 18 U.S.C. § 924(c) (1988). Driver contests: (1) the district court's failure to dismiss his indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161–3174 (1988); (2) the district court's denial of his motion for mistrial due to inconsistent jury verdicts; (3) the district court's basis for jurisdiction, under 18 U.S.C. § 1152, because the crimes did not occur in "Indian country"; and (4) the district court's exclusion, pursuant to Federal Rule of Evidence 403 [Fed. R.Evid.], of Driver's proffered evidence of a previous child abuse investigation relating to the shooting victim. We affirm Driver's convictions.

## I. BACKGROUND

On February 24, 1990, Driver and three other individuals engaged in a day-long drinking spree at the Blackpipe housing development located in Mellette County, South Dakota. Early the next day, Driver got into an argument with one of his drinking companions, William Morrison. Driver pulled a pistol from his coat and laid it on the table. Morrison made threatening remarks to Driver. In response, Driver grabbed the pistol and fired it at Morrison, resulting in a glancing wound to Morrison's head.

Driver turned himself in to authorities later that day, was arrested on tribal charges and held in a tribal jail, without bond, by Bureau of Indian Affairs police. On April 20, 1990, a federal grand jury indicted Driver on one count of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(c), 1152, and one count of use of a firearm during a violent crime, in violation of 18 U.S.C. § 924(c). The indictment resulted in his arrest pursuant to a federal warrant on May 3, 1990. Driver pled not guilty in his initial appearance before a federal magistrate judge the same day. Shortly thereafter, the district court appointed counsel for Driver and set a trial date of July 9, 1990, sixty-seven days from the date of his appearance.

Driver challenged the district court's jurisdiction, claiming that because he was not an Indian, section 1152 did not apply to him. However, at the same time Driver refused to stipulate that he was a non-Indian. On June 15, 1990, the Government filed a superseding indictment, charging Driver with an additional count of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(c), 1153(a) (1988). The alternate counts ensured that the district court would have jurisdiction to convict Driver of assault, whether he was an Indian or a non-Indian. For jurisdictional purposes, section 1152 confers jurisdiction with respect to crimes committed on Indian lands, except those committed by Indians, and section 1153(a) establishes jurisdiction with respect to certain crimes, including assault with a dangerous weapon, committed by Indians.

We detail the procedural history as pertinent to the jurisdictional and the speedy trial contentions made by Driver. Driver's court-appointed attorney suffered disbarment and, subsequently, the district court appointed a replacement on May 18, 1990. Driver's dissatisfaction led to the replacement of the second and third appointed attorneys, on June 18 and July 3, respectively. The fourth attorney filed a motion for a continuance on July 5. Because of a conflict of interest, the district court ordered this attorney replaced by the fifth and present attorney, on July 16. That same day, the district court granted the motion for a continuance, to allow the new counsel to prepare for trial, and set the case for trial on September 17. On September 5, the district court entered an order extending the continuance and resetting the trial for October 30.

Driver filed a motion to compel the Government to produce evidence, on September 18, 1990, and a motion for the issuance of subpoenas, on October 19. He did not file his final brief in support of the motion to compel until October 23. The district court issued the subpoenas on October 22, and denied the motion to compel on October 23. On October 29, the Govern-

ment filed a motion in limine seeking to exclude evidence that the shooting victim had been investigated previously for sexual abuse of Driver's cousin. The district court granted this motion under Fed. R.Evid. 403, on the grounds that the evidence was of questionable relevance and would produce unfair prejudice.

On October 30, the first day of the trial, Driver filed two motions to dismiss. One motion asserted that the indictment against him should be dismissed because he was not tried within seventy days from the date of his initial appearance as required under the Speedy Trial Act, 18 U.S.C. § 3161–3174. The other motion contended that the district court lacked jurisdiction because Driver was charged under a statute that applies to crimes committed in Indian country, and the site of the crime, the Blackpipe housing development in Mellette County, South Dakota, was not part of the surrounding Rosebud Sioux Indian Reservation. The district court denied both motions.

The jury, on November 1, 1990, returned verdicts of guilty on all three counts charged in the indictment. Driver made an oral motion for mistrial. Later, on November 8, Driver filed a post-trial motion for judgment of acquittal, or in the alternative, a motion for a new trial or for a mistrial on the basis of the inconsistent verdicts returned on the alternate assault charges.

On January 25, 1991, the district court filed a memorandum opinion denying the defendant's motion to dismiss for failure to comply with the Speedy Trial Act.

On February 6, the district court filed a memorandum opinion denying Driver's motion for acquittal or for a new trial, except with respect to the assault charged under 18 U.S.C. § 1153(a). Upon review of the evidence, the district court found it insufficient to establish that Driver was an Indian. Thus, the district court lacked jurisdiction under section 1153(a) because that applies only to Indians. Therefore, the district court dismissed the section 1153(a) assault charge.

The district court entered judgment on the section 1152 assault charge and the

section 924(c) use of a firearm charge. The district court imposed a twenty-four month sentence on the assault with a dangerous weapon count and a mandatory consecutive sixty month sentence on the use of a firearm during a crime of violence count, 755 F.Supp. 885.

This appeal followed.

## II. DISCUSSION

### A. *Speedy Trial Act Claim*

■ Driver contends that the Government violated the Speedy Trial Act because he was not tried within seventy days of his initial appearance. Under the Speedy Trial Act, 18 U.S.C. § 3161–3174, a defendant must be tried "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Failure to bring the defendant to trial within the time limit requires dismissal of the information or indictment. 18 U.S.C. § 3162(a)(2). The defendant bears the burden of proof supporting the motion. *Id.*

Driver initially appeared on May 3, 1990 and his trial commenced on October 30, 1990. The time period covering incarceration in the tribal jail does not count against the speedy trial time period. Section 3161(c)(1) states that the period begins to run only after the defendant has appeared in the "court in which such charge is pending."

Section 3161(h)(1)(F) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" from the seventy-day time period. Section 3161(h)(1)(J) permits this exclusion to continue up to thirty days after the court receives all the parties' submissions regarding the motion. *United States v. Long,* 900 F.2d 1270, 1274 (8th Cir.1990) (citing *Henderson v. United States,* 476 U.S. 321, 328–31, 106 S.Ct. 1871, 1875–77, 90 L.Ed.2d 299 (1986)).

Accordingly, the time periods during which motions were pending must be excluded in calculating the seventy-day period. The defense counsel made motions: (1) to withdraw as counsel, pending between the dates of May 22–June 18, 1990, June 29–July 3, and July 9–16; (2) for a continuance, pending between the dates of July 5–16; (3) to compel the Government to produce evidence, pending between the dates of September 18–October 23 (defendant's final submission came on October 23); and (4) for the issuance of subpoenas, pending between October 19–22. The Government had a motion in limine pending between October 29–30.

In addition to these exclusions, on July 16, 1990, the district court granted defense counsel a continuance until September 17, in order to facilitate trial preparation by the newly appointed counsel. Accordingly, the district court stated that the continuance would serve the ends of justice, outweighing the interest of the public and the defendant in a speedy trial. On September 5, the district court, on its own motion, extended the continuance until October 30. These periods of continuance are excludable under the Speedy Trial Act.[1]

Considering all the above exclusions, the seventy-day period was not exceeded.[2] A total of twenty-nine days of elapsed time is included in the speedy trial time period. Therefore, the Speedy Trial Act was not violated and the district court properly de-

nied Driver's motion to dismiss based upon a violation of the Speedy Trial Act.

**B.** *Motion for Judgment of Acquittal or New Trial Due to Inconsistent Verdicts*

■ Driver next argues that the district court erred in giving confusing alternate jury instructions, which prompted the jury to return an inconsistent verdict finding him guilty as both an Indian and a non-Indian, two mutually exclusive charges. The conviction obtained under the jurisdiction provided by 18 U.S.C. § 1152 [3] depended upon a finding that Driver was not an Indian and that the crime was committed on Indian lands. In contrast, the conviction obtained under the jurisdiction provided by 18 U.S.C. § 1153(a) [4] depended upon a finding that Driver was an Indian.

The jury instructions given on the alternate counts were taken from the South Dakota Pattern Jury Instructions, Criminal § 1–13–6. The fact that these instructions resulted in the jury returning inconsistent verdicts provides inadequate grounds for reversal of Driver's conviction. *See United States v. Powell*, 469 U.S. 57, 67, 105 S.Ct. 471, 477, 83 L.Ed.2d 461 (1984); *United States v. Williams*, 923 F.2d 115, 116 (8th Cir.1991) (citing *Dunn v. United States*, 284 U.S. 390, 393–94, 52 S.Ct. 189, 190–91, 76 L.Ed. 356 (1932)).

Independent review of the sufficiency of the evidence, undertaken by the trial court, affords the defendant protection against

---

**1.** The Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), provides for the exclusion of

[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel ..., if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**2.** Even if the continuance granted on the district court's own motion, on September 5, 1990, does not qualify for exclusion from the time period under the Speedy Trial Act, only six additional days are included and the seventy day period did not expire.

**3.** Section 1152 provides:

Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

This section shall not extend to offenses committed by one Indian against the person or property of another Indian....

**4.** Section 1153(a) provides:

Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, ... assault with a dangerous weapon, ... shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

jury irrationality or error. *Powell,* 469 U.S. at 67, 105 S.Ct. at 477. In the present case, the district court granted Driver's motion to acquit with respect to the assault conviction returned under section 1153(a), holding that there was insufficient evidence to support a finding that Driver was an Indian, as required by the statute. Thus, Driver stands convicted and sentenced on only one count of assault with a dangerous weapon, consistent with his one criminal act.

Any confusion surrounding the inconsistent verdicts speaks only to the district court's jurisdiction and not the substantive merits of the assault charge. Driver should not be allowed to profit from his refusal to stipulate whether he was Indian or not. Accordingly, Driver was not prejudiced by the jury's verdict and is not entitled a reversal of his conviction. *United States v. Daigle,* 149 F.Supp. 409 (D.D.C.), *aff'd per curiam,* 248 F.2d 608 (D.C.Cir. 1957), *cert. denied,* 355 U.S. 913, 78 S.Ct. 344, 2 L.Ed.2d 274 (1958).

### C. *Motion to Dismiss for Lack of Jurisdiction*

■ Driver contends that the offense did not occur in Indian country and, therefore, the district court had no jurisdiction.

Mellette County, the site of the offense, is not part of the Rosebud reservation, having been detached by a 1910 Act of Congress. *See Rosebud Sioux Tribe v. Kneip,* 430 U.S. 584, 609–15, 97 S.Ct. 1361, 1374–77, 51 L.Ed.2d 660 (1977). Nevertheless, the offense occurred in "Indian country" as defined by 18 U.S.C. § 1151 (1988), for the purpose of crimes committed under 18 U.S.C. § 1152. Section 1151(b) of this statute includes dependent Indian communities.[5] The evidence establishes that Blackpipe housing, in Mellette County, qualifies as Indian country under section 1151(b).

■ Four factors determine whether an area is defined as a subsection (b) dependent Indian community:

> (1) whether the United States has retained "title to the lands which it permits the Indians to occupy" and "authority to enact regulations and protective laws respecting this territory," (2) "the nature of the area in question, the relationship of the inhabitants of the area to Indian tribes and to the federal government, and the established practice of government agencies toward the area," (3) whether there is "an element of cohesiveness ... manifested either by economic pursuits in the area, common interests, or needs of the inhabitants as supplied by that locality," and (4) "whether such lands have been set apart for the use ... of dependent Indian peoples."

*United States v. South Dakota,* 665 F.2d 837, 839 (8th Cir.1981) (citations omitted), *cert. denied,* 459 U.S. 823, 103 S.Ct. 52, 74 L.Ed.2d 58 (1982).

The United States holds the title to the land upon which Blackpipe housing is located in trust for the Rosebud Sioux Tribe. Federal funds paid for the housing units built in the Blackpipe community, and the land is leased by the housing authority from the Rosebud Sioux Tribe. The federal government is heavily involved in the lives of the community. An element of cohesiveness is evident in that the inhabitants of Blackpipe are primarily tribal members, for whom the tribal government provides a multitude of services, while the county provides few, if any. The evidence demonstrates that the land has been set apart for the use of the Indian people and it qualifies as a dependent Indian community within the meaning of 18 U.S.C. § 1151(b) and under the *United States v. South Dakota* test. *Id.*

Thus, Driver committed his offenses on Indian country, as defined by 18 U.S.C. § 1151, and within the jurisdiction of the federal district court, under 18 U.S.C. § 1152.

---

**5.** 18 U.S.C. § 1151 provides that:
   the term "Indian country", as used in this chapter, means ... (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state.

### D. *Fed.R.Evid. 403 Exclusion of Evidence*

 Driver contests the district court's exclusion of evidence, pursuant to Fed. R.Evid. 403,[6] that the shooting victim was the subject of a child abuse investigation. He contends that the evidence was relevant to a claim of self-defense and was not unfairly prejudicial.

The evidence of the child abuse investigation involving the victim would have served merely to portray him as a bad person, deserving to be shot, but did not relate to Driver's claim of self-defense. Thus, the district court did not abuse its discretion in excluding the proffered evidence, pursuant to Fed.R.Evid. 403, as unfairly prejudicial. *United States v. St. Pierre*, 812 F.2d 417, 419 (8th Cir.1987).

### III. CONCLUSION

We affirm Driver's convictions for assault with a dangerous weapon and use of a firearm during a crime of violence.

---

6. Fed.R.Evid. 403 provides, in part:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . .