**F I L E D**

**UNITED STATES COURT OF APPEALS**

**APR 3 2000**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

vs.

FREDERICK KORUH,

        Defendant - Appellant.

No. 99-2138
(D.C. No. CR-98-621-JC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **MURPHY**, Circuit Judges, and **COOK**, District Judge.[**]

Frederick Koruh was indicted for sexual abuse in Indian country of a child less than twelve years of age, in violation of 18 U.S.C. §§ 1153, 2244(a)(1) and 2245(3). Mr. Koruh was charged with sexual abuse of his two nieces, Jane Doe A, in Counts I and II and Jane Doe B, in Counts III and IV of the indictment. The nieces are Indian females who resided on the Zuni Indian Reservation, the location of the alleged offenses. The jury acquitted Mr. Koruh of Count I and Count II regarding Jane Doe A, and found Mr. Koruh guilty of Count III and Count IV

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable H. Dale Cook, Senior U.S. District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

regarding Jane Doe B.  The district court sentenced Mr. Koruh to a 42 months concurrent prison term, and 3 years of supervised release.

Mr. Koruh appeals his judgment of conviction of Counts III and IV raising two issues on appeal: 1) error in the admission of the testimony of government's expert witness, Dr. Renee Ornelas, as improperly vouching for the character of the alleged victims in violation of Fed. R. Evid. 702 ; and, 2) error in the admission of the testimony of Mr. Koruh's daughter from his first marriage, who alleged that she was sexually abused by her father more than 16 years prior to trial, as untimely and prejudicial under Fed. R. Evid. 414 and 403.

We review the admission of trial evidence under an abuse of discretion standard.[1]  *See, United States v. Toledo,* 985 F.2d 1462, 1469-70 (10th Cir. 1993).  We affirm the conviction, concluding that the district court did not abuse its discretion in the admission of the evidence at issue on appeal.

This case involves intra-family child sexual abuse.  The nieces ranged in age from 8 to 10 years old during the events charged in the indictment.  Mr. Koruh had a daughter and a son from his first marriage, and two daughters by his second marriage.  The daughters from his second marriage were close in age to their cousins, Jane Doe A and Jane Doe B.  The girls spent considerable time together at Mr. Koruh's house, including overnight stays.

Jane Doe B testified at trial that Mr. Koruh touched her "private parts" on more than one occasion and that she had awoken at his home to find him lying on top of her, touching her

---

[1]   In making the determination as to whether the district court abused its discretion, we do not make independent findings of reliability; rather, we examine the record evidence presented to the district court and decide whether the district court's decision, in the face of that record evidence, to allow the testimony to be admitted was an abuse of discretion.

"private parts." These events allegedly took place in 1993 and 1994. Jane Doe B testified that she did not tell her mother until 1995.

The evidence was that some 16 to 20 years prior to the events charged in the indictment, Mr. Koruh had sexually abused his daughter from his first marriage when she was 5 years old and again when she was 8 or 9 years old. She was young when her parents divorced. The alleged sexual offense involving her was not charged in the indictment. The daughter testified that her father had raped her in a backroom of his home and again in a storage shed. She further testified that she did not disclose the sexual abuse until she learned of the indictment brought against her father in this case.

Mr. Koruh took the stand and denied that he had sexual contact with either of his nieces. He testified that Jane Doe B had been sexually abused but that the abuse was by another Indian. Jane Doe B testified that the other Indian had not sexually abused her. Corrine Koruh, defendant's second wife, testified that the nieces told her that their uncle had sexually abused them, but that she did not believe what they said.

Renee Ornelas, M.D. testified as an expert witness for the government. She is the Director of Programs at the University of Mexico, Department of Pediatrics, which provides medical evaluations in child abuse cases. Dr. Ornelas testified that a child may not disclose sexual abuse for years because of youth, misunderstanding or ongoing abuse. Also, a child may not disclose sexual abuse if the perpetrator is a family member or caretaker. Dr. Ornelas testified that when a child is sexually abused, but not penetrated, she would not expect any medical findings. Dr. Ornelas also testified if a child is fearful of on-going sexual abuse, she may identify

3

someone else as the perpetrator rather than the actual perpetrator. On cross-examination she admitted that false accusations occur, and that proper interview techniques are important.

On appeal, Mr. Koruh challenges the admissibility of Dr. Ornelas' testimony under Rule 702 on the basis that there was no medical evidence that Mr. Koruh sexually abused either of the nieces, and because Dr. Ornelas had not spoken to either of them. Mr. Koruh argues that Dr. Ornelas' testimony, as a specialist in evaluation of sexual assault victims, was offered to bolster the victims' allegations and lend credibility to their claims.

The district court did not abuse its discretion by allowing the testimony of Dr. Ornelas. The government qualified Dr. Ornelas as an expert without objection from the defense.[2] In *United States v. Charley,* 189 F.3d 1251 (10th Cir. 1999), we held that qualified experts may be permitted to testify in child sexual abuse cases concerning the characteristics of sexually abused children generally and describe the characteristics that the alleged victims exhibit. 189 F.3d at 1264 (citing *United States v. Whitted*, 11 F.3d 782, 785 (8th Cir. 1993)). We stated these experts may summarize the medical evidence and express an opinion that the evidence is consistent or inconsistent with the alleged victim's allegations. We cited the Eighth Circuit which held the testimony admissible as long as the expert witness makes no comment on the alleged victim's credibility nor identifies the alleged victim as a victim of child abuse. *Charley*, 189 F.3d at 1265 (citing *United States v. Johns*, 15 F.3d 740, 743 (8th Cir. 1994)).

---

[2]  Fed. R. Evid. 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact at issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The record shows Dr. Ornelas did not testify about the facts of this case, nor about the particular victims. She stated she had not examined the alleged victims. Expert testimony which addresses "a class of victims generally," and not the "particular testimony of the child victim in the case," is admissible. *See United States v. Bighead*, 128 F.3d 1329, 1331 (9th Cir. 1997) (citing *United States v. Hadley*, 918 F.2d 848, 852 (9th Cir. 1990)). Dr. Ornelas' testimony was presented as evidence of profile characteristics. This evidence is a listing of characteristics that in the opinion of an expert are typical of persons engaged in a specific activity. *See, United States v. Robinson*, 978 F.2d 1554, 1563 (10th Cir. 1992). In *Bighead,* the Ninth Circuit upheld an expert witness' testimony about her observations and experience from interviewing numerous persons who purportedly were victims of child abuse. The court held it admissible because it involved specialized knowledge. *Id.*

In this instance, the testimony of the alleged victims and the alleged perpetrator were in direct conflict. In *United States v. St. Pierre*, 812 F.2d 417 (8th Cir. 1987), the Eighth Circuit held admissible the testimony of a clinical psychologist who compared the traits and characteristics of sexually abused children with those exhibited by the alleged victim. A fundamental test under Rule 702 for admissibility of this type of evidence is whether it will assist the trier of fact in resolving the factual issues before it. *Id.* at 419. The Eighth Circuit explained that testimony in sexual abuse cases is often in direct conflict, which presents a difficult problem for the jury. *Id.* "Incest is prohibited in all or almost all cultures, and the common experience of the jury may represent a less than adequate foundation for assessing the credibility of a young child who complains of sexual abuse." *Id.* (citing *State v. Myers*, 359 N.W.2d 604 (Minn. 1984)). In *St. Pierre,* the court permitted expert testimony on scientifically recognized emotional

and psychological characteristics of sexually abused children. Evidence of profile characteristics under Rule 702 is admissible without regard to a physical or medical examination of the victim. There was no error in admission of this testimony.

Mr. Koruh challenges the admissibility of the uncharged acts of child molestation against his twenty-four year old daughter from his first marriage which allegedly occurred when she was five and again when she was eight or nine years old. Mr. Koruh challenges the admissibility of the evidence under Fed. R. Evid. 414 and 403. "We review a district court's decision on Rule 403 for an abuse of discretion." *United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998). Rule 403 allows the court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The district court admitted the evidence under Fed. R. Evid. 414(a), which provides: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offence or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Rule 414(a) evidence must survive a balancing test under Fed. R. Evid. 403, which requires the court to consider:

> (1) how clearly the prior act has been proved; (2) how probative the evidence is of the material fact it is admitted to prove; (3) how seriously disputed the material fact is; and (4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: (1) how likely is it such evidence will contribute to an improperly-based verdict; (2) the extent to which such evidence will distract the jury from the

6

central issues of the trial; and (3) how time consuming it will be to prove the prior conduct.

*United States v. Enjady,* 134 F.3d 1427, 1433 (10th Cir.), cert. denied __U.S.__ , 119 S.Ct. 202 (1998).

Because of the nature of character evidence, we require the district court to "make a reasoned, recorded statement" of its balancing under Rule 403 when admitting evidence under Rule 414(a). *Castillo,* 140 F.3d at 884. In *United States v. Meacham*, 115 F.3d 1488 (10th Cir. 1997), we stated that "clearly under Rule 414 the courts are to 'liberally admit' evidence of prior uncharged sex offenses." 115 F.3d at 1492.

Mr. Koruh challenges the district court's admission of the evidence on two grounds. First, the defendant argues under the Rule 403 balancing test, the evidence concerning his daughter was not probative because it involved events which allegedly occurred 16 to 19 years ago, was only recently disclosed, was not investigated, and was not sufficient to prove the prior acts. Second, the defendant argues the evidence was prejudicial because the alleged abuse involved acts of violent rape against a five-year-old child, allegedly occurring during a time of a bitter divorce between the child's parents, and less prejudicial evidence was available to the government through the testimony of the nieces, and their family members.

The district court required the government to provide a factual proffer of the evidence prior to opening statements. The district court reserved ruling on the admissibility of the Rule 414 evidence until after the defendant cross-examined the alleged victims and other government witnesses. Mr. Koruh's defense at trial was that the testimony of the alleged victims was a fabrication.

7

The district court made a reasoned, recorded statement of its balancing under Rule 403 in admitting the Rule 414(a) evidence. In essence, the district court found: (1) the probative value of the evidence was shown by the daughter's testimony that the prior acts had occurred and by expert testimony that child molestation is a repeat offense; (2) less prejudicial evidence was insufficient because the testimony of the alleged victims and the alleged perpetrator was in direct conflict; (3) unfair prejudice was not likely to result because the jury has the option to disbelieve the Rule 414 testimony and because the defendant opened the door to the evidence through his defense of mistaken identity; and, (4) rebutting the allegations based on the bitterness of a contested divorce would not unnecessarily confuse the jury or delay the trial.

Based on our review of the record, we do not believe the district court abused its discretion in admitting the evidence under Rule 414 or in application of the balancing test under Rule 403. The government argues that the evidence was probative because there were similarities between the alleged molestations. Both the alleged victims and the daughter are female and are related to the defendant. The girls were each under the age of 12 years old at the time of the offense, and the molestations allegedly occurred in or near the defendant's homes. The district court properly applied *Enjady* in reviewing the admissibility of the Rule 414 evidence and properly concluded that the evidence was admissible.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

Entered for the Court


H. Dale Cook
Senior U.S. District Judge

8