**Teri Lee RHOADES and Andrew Alan Rhoades, Appellants,**

v.

**BIRTH CORRECTION UNIT, DIVISION OF VITAL RECORDS, DEPARTMENT OF HEALTH.**

Commonwealth Court of Pennsylvania.

Argued June 6, 2001.

Decided July 11, 2001.

---

Robert S. Mirin, Harrisburg, for appellants.

Stephen D. Tompkins, Harrisburg, for appellee.

Before FRIEDMAN, J., and FLAHERTY, and RODGERS, Senior Judges.

FLAHERTY, Senior Judge.

Teri Lee Rhoades and Andrew Alan Rhoades (Appellants) appeal from a decision of the Dauphin County Court of Common Pleas, Orphans' Court Division (trial court). The trial court denied the Petition to Amend a Birth Certificate (Petition) filed by Appellants, who are siblings, for the purpose of having their birth certificates changed to show that they are Native Americans. We affirm.

Appellants contacted the Department of Health (Department) for the purpose of having their birth certificates changed to reflect the fact that they are Native Americans but were informed that the Department could not take this action without a court order. Therefore, on October 22, 1999, Appellants filed the Petition. Attached to the Petition were affidavits from Appellants and their mother, copies of birth certificates for relatives of Appellants, a chart of the family genealogy, a hearing transcript from the United States Department of the Interior, Commission To the Five Civilized Tribes, a letter from the Department of the Interior dated December 4, 1903 and a copy of the family Bible. The affidavits state that Appellants do, in fact, have Native American Ancestry. As to the other evidence submitted by Appellants, the certified copies of the birth certificates do not indicate race, the chart of family genealogy shows that various relatives of Appellants do, in fact, have Native American ancestry, the letter from the Department of the Interior recommends the enrollment of Savannah Norris, the great-great-grandmother of Appellants in the Cherokee Nation and the copy of pages from the family Bible indicates that some of Appellants' ancestors were Native American. (R.R. at 1–38).

After receiving a copy of the Petition, the Department drafted a November 8, 1999 letter stating that "The Department as the keeper of the birth records at issue takes a neutral position in regard to the relief requested by [Appellants]" and "will of course comply with the Court's determination in regard to what should appear in [Appellants'] respective birth records on file with the Department." (R.R. at 39). The Department's letter explains that the Department does not obtain the child's race when collecting birth information, but rather obtains the race of the parents for statistical purposes. However, since the 1970s, neither the race of the child or the parents appears on the certified copies of birth certificates issued by the Department. This certified copy is not a photocopy of the original birth certificate so, even if race was mentioned on the original, it would not appear on the certified copy. When the Department receives requests for certifications as to a person's race, the Department does not change the certified copy of the birth certificate but rather issues a supplementary certification letter bearing the signature of the State Registrar and a raised seal, which sets forth the race of the child's parents that are on file

with the Department. With regard to the birth certificates of Appellants and Appellants' parents and paternal grandparents, the Department noted that all the certificates state their race as either white or Caucasian.

On February 8, 2000, the trial court denied Appellants' Petition. On March 2, 2000, Appellants filed a Petition for Reconsideration of Denial to Amend Birth Certificates containing another affidavit of Appellant Teri Lee Rhoades, a Last Will and Testament of Joseph E. Rhoades and a picture of Andrew Alan Rhoades, which Appellants assert shows that he is of Native American ancestry. (R.R. at 101–121). The affidavit of Ms. Rhoades states that she is a member of the Bar of the Commonwealth of Pennsylvania and that, "through-out my legal career and my life people have known my family and I to be of mixed descent." The affidavit also states that the reason why the race of her relatives is listed as "white" rather than "Native American" on their birth certificates is because her family, and Native Americans in general, were afraid of the persecution and prejudice that might occur if their true race were listed. Ms. Rhoades cites the Carlisle Indian School as an example, where Native Americans were forcibly taken to be assimilated into American society.

■ On September 27, 2000, the trial court issued an opinion pursuant to Pa. R.A.P.1925 explaining that the evidence submitted by Appellants was not sufficient to rebut the prima facie evidence of race recorded in the birth certificates of Appellants' parents and other relatives.[1] Appellants appeal arguing that the trial court failed to give the evidence submitted in support of their Petition the appropriate evidentiary weight.[2]

■ This court can find no statutory or case law which sets forth the standard for determining whether a person is of a particular race for the purpose of amending a birth record. We also note that Appellants have not given this court a standard to apply, but have instead submitted affidavits, pictures and records of family history and have requested that, based on this evidence, they should be deemed to be Native Americans. Even assuming that all this information is true and correct, Appellants have provided us with no authority that says if someone has "X" amount of Native American blood that they are in fact a Native American themselves. We do not dispute the fact that, in the past, Native Americans may have chosen to identify themselves as white or Caucasian on birth records in order to avoid possible prejudice or persecution. However, the question of whether someone is a Native American is not for this court to decide, as we do not have the authority or expertise to make such a decision. Rather, whether a person is a Native American is a question for the Native American tribes themselves to determine. This policy is reflected in 4 Pa.Code Section 68.202, Internal Guidelines for Minority Business Enterprise/Women Business Enterprise Certification, which provides, in pertinent part:

1. Act of July 16, 1941, P.L. 405, 35 P.S. § 494 provides that "[a] record of birth so established or a duly certified copy of the same shall be prima facie evidence of all matters therein contained and shall be admissible in all judicial proceedings."

2. Our scope of review of a decision of an Orphans' Court is narrow and is limited to whether the decision is supported by competent and adequate evidence, whether an error of law has been committed and whether or not it is predicated upon a capricious disbelief of competent and credible evidence. *In re Estate of Schram*, 696 A.2d 1206, 1211 (Pa. Cmwlth.1997).

Minority—A person who is a citizen of the United States who is a Black American, Hispanic American, Native American or Asian–Pacifica American.

. . .

(iii) Native American Persons having origins from one or more of the original peoples of North America and who are recognized as an Indian by a tribe or tribal organization.

Federal case law is also instructive for determining whether someone is a Native American. For criminal jurisdiction purposes, federal courts apply a two part test. "The first part of the test is whether the person has some Indian blood; the second part looks to whether the person is recognized as an Indian." *United States v. Driver,* 755 F.Supp. 885, 888 (D.S.D.1991), *affirmed,* 945 F.2d 1410 (8th Cir.1991), *cert. denied,* 502 U.S. 1109, 112 S.Ct. 1209, 117 L.Ed.2d 448 (1992) (emphasis added). For the first part of the test, the phrase "some Indian blood" is interpreted literally, as the defendant in the *Driver* case only had 7⁄32 Native American blood. "The second part of the test, whether the person is recognized as an Indian, involves an evaluation of several different factors. The *most important factor* is whether the person is enrolled in a tribe." This factor is important, but not essential, nor is it necessarily determinative. *Id.* "The second factor is whether the government has, either formally or informally, provided the person with assistance reserved only to Indians." *Id.* "The final two factors are whether the person enjoys the benefits of tribal affiliation and whether he is socially recognized as an Indian because he lives on the reservation and participates in Indian social life." *Id.* at 889 (emphasis added).

We find the policy set forth for the certification of a Minority Business Enterprise to be instructive in this matter. Therefore, we determine that, for the Department to amend Appellants' birth records, Appellants must prove that they are, at a minimum, recognized by a Native American tribe or a tribal organization as being, in fact, a Native American. Because the evidence submitted by Appellants contains no such declaration, we must affirm the decision of the trial court.[3]

To the extent that Appellants assert that the actual certified copies of their birth certificates should be altered to reflect that they are Native American rather than, or in addition to, having the Department issue a supplementary letter setting forth the race of their parents, we reject this argument. The Department's policy is to not list any information on a certified birth certificate with regard to a person's race or legitimacy because this information was misused, and Appellant has cited no authority that would allow this court to change this policy.

### ORDER

AND NOW, July 11, 2001, the order of the Dauphin County Court of Common Pleas, Orphans' Court Division dated February 8, 2000 and docketed at 769 OC 1999 is hereby affirmed.

---

**3.** Applying the federal standard, the same result is reached. Evidently, Appellants have "some" Native American blood, because in her second affidavit, Teri Lee Rhoades states that her son is 5⁄8 Native American and that he receives 1⁄8 of his Native heritage from her. Therefore, they probably meet the first part of the *Driver* test. However, they fail the second part of the test, as they have provided no evidence that they are members of a tribe, that they have received government assistance available only to Native Americans or that they live on a reservation and participate in Native American social life.