# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1442

_____

United States of America,     *
    *
         Appellee,     *    Appeal from the United States
    *    District Court for the District
      v.     *    of Nebraska.
    *
Vincent I. Adkins,     *       [UNPUBLISHED]
    *
         Appellant.     *

_____

Submitted: August 21, 2001

Filed:  August 27, 2001

_____

Before ROSS, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

The Government indicted Vincent I. Adkins on two counts of violating 18 U.S.C. § 113(a)(3) for assaulting his Indian girlfriend with a dangerous weapon on the Omaha Indian Reservation.  Each count described the same substantive offense, but asserted alternative bases for jurisdiction.  Count I invoked jurisdiction under 18 U.S.C. § 1152 based on Adkins's status as a non-Indian person.  Count II invoked jurisdiction under 18 U.S.C. § 1153 based on Adkins's status as an Indian.  Adkins filed a motion to dismiss, arguing the indictment was improperly based on falsehoods because his "birth certificate and own statement indicate that he is not an Indian."  He then pleaded guilty

to Count I. Adkins now appeals, arguing the district court[*] lacked jurisdiction over the offense charged in Count I because he is an Indian. Having reviewed the record de novo, we affirm. See United States v. Lawrence, 51 F.3d 150, 151 (8th Cir. 1995).

Because Adkins did not show he has Indian blood and is recognized as an Indian by a tribe or the federal government, we conclude Adkins is not an Indian for purposes of federal criminal jurisdiction. See id. at 152. Both of Adkins's parents of record were Caucasian, and are now deceased. Adkins's only claim to Native American heritage is based on information he received that his biological father might not be the father listed on his birth certificate. Although he knows the name and town of residence of his putative Native American father, Adkins has not confirmed his parentage. In addition, Adkins has offered no evidence of his "recognition" as an Indian, such as enrollment in a tribe, receipt of tribal benefits or other benefits available only to Indians, or social recognition as an Indian. See id.

Adkins argues the Government conceded his Indian heritage by recounting his story of uncertain parentage in the presentence investigation report and by charging him as an Indian in Count II of the indictment. We disagree. Both the current and previous presentence investigation reports conclude Adkins is Caucasian. Similarly, the alternative counts do not concede heritage but rather provide comprehensive jurisdiction regardless of heritage. See United States v. Driver, 945 F.2d 1410, 1414-15 (8th Cir. 1991) (upholding jury verdicts as not inconsistent where defendant was found guilty of assault with a deadly weapon under § 1152 as a non-Indian and under § 1153 as an Indian because defendant refused to stipulate to his heritage). In fact, the relevant concession is Adkins's pretrial statement that he is not an Indian. Because Adkins is not an Indian, jurisdiction under § 1152 was proper. See United States v. Ashley, No. 00-2189, 2001 WL 770523, at *4 n.3 (8th Cir. July 11, 2001).

---

[*]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Finding no reversible error, we thus affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.