# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1390
_____

United States of America

*Plaintiff - Appellee*

v.

Bennett Belt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Central

_____

Submitted: October 21, 2022
Filed: March 3, 2023

_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Bennett Belt of sexual abuse and aggravated sexual abuse of one child, and abusive sexual contact and aggravated sexual abuse (two counts) of another child, in violation of 18 U.S.C. §§ 1153, 2241(c), 2243(a), 2244(a)(5),

2246(2)(A), and 2246(3). The district court[1] sentenced him to 32 years in prison. Belt appeals, arguing the court erred in admitting expert testimony about statistical studies of victims of child sexual abuse. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Before trial, the government gave notice of its intent to offer the testimony of Angela Lisburg, a family nurse practitioner at the Central South Dakota Child Assessment Center, about the general dynamics of child sexual abuse disclosures and the findings of related studies. Belt objected. The district court overruled the objection but did prohibit Lisburg from testifying about "the credibility of child witnesses generally or these alleged victims specifically."

At trial, Lisburg testified about her experience in conducting child forensic interviews and the characteristics and traits of sexually abused children. She related general information and statistics from studies about child sexual abuse and its victims. Asked about the studies, Lisburg testified, "So it's estimated that one in four females and one in six males will be sexually abused before their 18th birthday." Asked about the percentage of abused children who "never disclose," Lisburg testified, "For children, we know it's usually about 1 in 10 children that will come forward to tell about things during their childhood." Belt did not object to either question or answer.[2]

This court thus reviews only for plain error. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). To establish plain error, Belt must show

---

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota.

[2]Cross-examining Lisburg, Belt's counsel did ask about false allegations and coaching. Lisburg responded that it occurs in about "10 percent of cases." Belt now tries to challenge this statement on appeal. Belt's counsel, however, intentionally elicited this testimony and repeatedly drew the jury's attention to it during closing arguments, so he cannot complain about it now. *See United States v. Steele*, 610 F.2d 504, 505 (8th Cir. 1979) (explaining the invited-error doctrine).

an error, that is plain, and that affects his substantial rights. *Id.* at 550, *quoting Johnson v. United States*, 520 U. S. 461, 467 (1997). If these conditions are met and the error seriously affects the fairness, integrity or public reputation of judicial proceedings, this court may exercise its discretion to correct the error. *Id.*

Belt argues that Lisburg's testimony improperly bolstered and vouched for the victims, rendering the trial fundamentally unfair. One part of the argument faces a "wall of precedent" from this court. *See United States v. Zephier*, 989 F.3d 629, 635 (8th Cir. 2021). The other faces an absence of it.

As for the second statement that Belt attacks on appeal—about the percentage of abused children who never disclose—this court has allowed expert testimony about "delayed reporting." *Id.*; *United States v. Johns*, 15 F.3d 740, 743 (8th Cir. 1994) (no error in admitting expert testimony about "delay in reporting the abuse"). This testimony helps inform the jury generally about the behavior and characteristics of sexually abused children. *Johns*, 15 F.3d at 743. It educates the jury, does not usurp its role of assessing credibility, and assists it in understanding the evidence and whether the abuse actually occurred. *United States v. Kirkie*, 261 F.3d 761, 766 (8th Cir. 2001).

The first statement that Belt attacks on appeal—about the percentage of all children who are sexually abused—is problematic. Belt argues that this testimony about the incidence of child sexual abuse improperly put the expert's "stamp of believability" on the witnesses' stories. *United States v. Azure*, 801 F.2d 336, 339-40 (8th Cir. 1986) (abuse of discretion to admit pediatrician's expert testimony that bolstered the victim's testimony by testifying that the victim was "believable" and "telling the truth"). In Belt's words, it was "increasing the odds" that the victims were telling the truth that sexual abuse in fact occurred. Belt asserts that this can be an error that is plain. *Cf. United States v. Whitted*, 11 F.3d 782, 785, 787 (8th Cir. 1993) (plain error to admit "final diagnosis" of "repeated child sexual abuse" – a "thinly veiled way" of stating the victim was "telling the truth" – which the district court should have "easily recognized"). Belt emphasizes cases from other

jurisdictions where an expert testified about the percentage of child victims who "tell the truth." *See Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998) (expert, who interviewed the victim, testified that 99.5 percent of abused children tell the truth and that he had not personally encountered an instance where a child had lied about abuse); *Powell v. State*, 527 A.2d 276, 278 (Del. 1987) (expert testified that alleged sexual abuse victims tell the truth in 99 percent of cases); *United States v. Mullins*, 69 M.J. 113, 115 (C.A.A.F. 2010) (expert testified that the frequency of children lying about sexual abuse was less than one in 100 or one in 200); *United States v. Brooks*, 64 M.J. 325, 329 (C.A.A.F. 2007) (expert suggested there was a better than 98 percent probability that the victim was telling the truth).

Even if there were any error here, it was not an error that was plain. The parties cite no authority addressing testimony about the incidence of child sexual abuse. In the cases Belt cites, the expert testified that the victim was telling the truth (or almost certainly telling the truth) that sexual abuse in fact occurred. To the contrary, Lisburg had never met, interviewed, or examined either victim. She did not offer any information or opinion specific to this case. She repeatedly acknowledged she was not testifying whether sexual abuse occurred or whether the two victims were telling the truth. She testified only generally about child sexual abuse and victim statistics, based on her general knowledge of studies and her experience with hundreds of children she had interviewed. *See United States v. St. Pierre*, 812 F.2d 417, 419-20 (8th Cir. 1987).

Belt's theme on appeal is that Lisburg's testimony asks the jury to correct a widespread societal problem of child sexual abuse by convicting the accused based on public policy, rather than the rule of law. To the contrary, the jury was specifically instructed that it must decide the case based on the evidence presented. The jury is presumed to follow all instructions. *See United States v. Hensley* 982 F.3d 1147, 1158 (8th Cir. 2020), *citing Jones v. United States*, 527 U.S. 373, 394 (1999).

The district court did not commit error that was plain by allowing the testimony of Angela Lisburg.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____