# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3642SDP

_____

United States of America,      *

     *

         Appellee,      *

     *

    vs.      *      Appeal from the United States District

     *      Court for the Central Division of

John Running Horse, Sr.,      *      South Dakota.

     *

         Appellant.      *

_____

Submitted: March 12, 1999
Filed: April 27, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and FENNER,[1] District Judge.

FENNER, District Judge.

Appellant, John Running Horse, Sr., appeals his conviction, after trial by jury, on ten counts in an eleven count indictment brought against him. The first ten counts of the indictment against Running Horse dealt with his sexual contact with MN.[2] The eleventh count alleged sexual contact with another individual, SL. Running Horse was

_____

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, sitting by designation.

[2] MN are not the victim's actual initials.

acquitted on count eleven and convicted on all other counts. Running Horse was sentenced to several concurrent terms of 370 months and 180 months.

MN had been living with Running Horse's mother upon placement by Tribal Social Services. In August of 1993, Running Horse, his then girlfriend, Lisa Searby, and Running Horse's three minor boys moved in with his mother and MN, staying until January of 1995. In 1995, Running Horse moved with Ms. Searby and his boys to another residence. The government alleged that between 1993 and 1997 Running Horse sexually abused MN when MN was between the ages of 11 and 15. At the time of trial, Running Horse was 31 years old. Running Horse argues six points of error on appeal.

In his first point, Running Horse argues that the district court erred by refusing to sever the first ten counts of the indictment from the eleventh count. Running Horse argues that he should have been granted a separate trial on the first ten counts alleging sexual abuse against MN and the eleventh count alleging sexual abuse against SL. Running Horse indicates that he wanted to testify on Count XI but not on Counts I through X.

Where the offenses are similar in character, occurred over a relatively short period of time and the evidence overlaps, joinder is ordinarily appropriate. *United States v. McClintic*, 570 F.2d 685, 689 (8th Cir. 1978). The trial court has a wide range of discretion in matters of severance, and will be reversed only upon a finding of clear prejudice and abuse of discretion. *Id*.

Even if the eleventh count had been severed, the evidence of Running Horse's sexual abuse of SL would have been admissible against Running Horse on the first ten counts under Fed. R. Evid. 413, which allows evidence of a defendant's other offenses of sexual assault. Accordingly, Running Horse suffered no prejudice and there was no

abuse of discretion by the trial court not severing the first ten counts from the eleventh count.

In his second point, Running Horse argues that the trial court erred in allowing hearsay statements from Kristine Fondness and Nick Jansen. Kristine Fondness was MN's band teacher and the person to whom MN first reported the sexual abuse by Running Horse. Nick Jansen was the social worker to whom the case was referred. The trial court permitted Fondness to testify that MN had reported the sexual abuse to her and Jansen to testify that the case was referred to him and that he caused MN to be moved out of the home. When both Fondness and Jansen testified, the trial court instructed the jury that their testimony was not offered to prove that the matters reported had occurred.

Preliminary information concerning the origin of an investigation, admitted only for that purpose, is not hearsay. *United States v. Cruz*, 993 F.2d 164 (8th Cir. 1993). The statements in question were properly admitted. A review of the record reveals that the trial court did not admit the testimony for the truth of the matter asserted, which would make the statements hearsay, but admitted them as background information to assist the jury in understanding the origin of the investigation of Running Horse. The trial court did not err in allowing the testimony of Fondness and Jansen.

Running Horse's second point is denied.

In his third point, Running Horse argues that the trial court erred by allowing the testimony of Dr. David Kaufman, a clinical psychologist, regarding hearsay statements of MN and general psychological testimony relating to characteristics of sexually abused children.

Fed. R. Evid. 803(4) provides for the admission of "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or

present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."  The record reflects that after Dr. Kaufman's qualifications were established, he was allowed to testify regarding his clinical interview with MN.  A clinical psychologist is allowed to so testify.  *United States v. Provost*, 875 F.2d 172, 177 (8th Cir. 1989).

Running Horse's argument under this point that Dr. Kaufman should not have been allowed to testify in regard to characteristics of sexually abused children is clearly of no avail.  In *United States v. St. Pierre*, 812 F.2d 417, 419-20 (8th Cir. 1987), this Court held that a clinical psychologist may testify to certain traits of sexually abused children as compared to those exhibited by the victim as long as no opinion is given as to whether the victim is telling the truth.  Similarly, in *United States v. Whitted*, 11 F.3d 782, 785 (8th Cir. 1993), this Court enforced the *St. Pierre* rule and held that "in the context of child sexual abuse cases, a qualified expert can inform the jury of characteristics in sexually abused children and describe the characteristics the alleged victim exhibits."  The government gave notice in this case of its intent to use Dr. Kaufman as an expert.  Dr. Kaufman never gave his opinion as to whether MN was telling the truth.  Rather, he recited the characteristics inherent in sexually abused children and the characteristics that MN exhibited.

Running Horse's third point is denied.

In his fourth point, Running Horse argues that the trial court erred by dismissing juror Delphine LeCompte during the trial.

A district court's decision to remove or not remove a juror is reviewed for an abuse of discretion.  *United States v. Wilcox*, 50 F.3d 600, 603 (8th Cir. 1995).  The record clearly establishes that there was no abuse of discretion by the district court removing juror LeCompte.

During the trial, it was reported to the district court that juror LeCompte's boyfriend, Eugene Smith, informed others that he told his girlfriend, juror LeCompte, to vote not guilty because he wanted to go home. It was also reported that Smith had been in a traffic accident driving juror LeCompte's vehicle, that he was intoxicated and had been arrested for driving under the influence of alcohol, not having a driver's license, leaving the scene of a property damage accident, and false impersonation with intent to deceive a police officer.

Juror LeCompte was questioned about what Smith had said to her and she was less than clear about her conversation with Smith. LeCompte's lack of clarity was itself sufficient for the district court to excuse her as well as his opinion on how she should vote, and the potentially distracting circumstances surrounding Smith's arrest and damage to LeCompte's vehicle.

Running Horse's fourth point is denied.

In his fifth point, Running Horse argues that the district court erred in failing to grant his motion for judgment of acquittal on Counts III through VI.[3] Counts III through VI related to the years 1994 through 1997 and alleged that Running Horse engaged in sexual acts with MN by force (18 U.S.C. §2241(a)). Running Horse argues under this point that the government's evidence was insufficient to show that Running Horse forced MN to have sex with him. Running Horse argues that the evidence established that any sexual contact was consensual.

---

[3]In his brief, Running Horse argues that it was error for the district court to fail to grant judgment of acquittal for the reasons argued under this point on Counts I through VI. At oral argument, Running Horse acknowledged that because his argument here is that there was not sufficient evidence of force, the argument does not apply to Counts I and II which did not require any element of force.

When reviewing a defendant's claim of insufficient evidence, the facts are taken in the light most favorable to the verdict, giving the government the benefit of all reasonable inferences that might be drawn from the evidence. *United States v. Jones*, 990 F.2d 1047, 1048 (8th Cir. 1993). The evidence will be found insufficient only if it is such that "reasonably minded jurors must have a reasonable doubt as to the existence of any of the essential elements of the offense." *United States v. Powell*, 853 F.2d 601, 604 (8th Cir. 1988).

"Force" is not defined under the sexual abuse statutes. *United States v. Jones*, 104 F.3d 193, 197 (8th Cir. 1997). However, to establish force, as used in the sexual abuse context, requires some proof "as is sufficient to overcome, restrain, or injure a person; or the use of a threat or harm sufficient to coerce or compel submission by the victim." *United States v. Fire Thunder*, 908 F.2d 272, 274 (8th Cir. 1990).

MN testified that she was afraid of Running Horse. MN stated that Running Horse had hit her as a form of punishment and that this made her afraid of him. MN testified that during the relevant period Running Horse abused her physically and called her names. MN also testified that Running Horse forcefully used his legs to cause her to spread her legs and that she was afraid when Running Horse used this force on her. MN testified that she had told Running Horse she did not want to have sex, but he would pull her toward him and that she would push away. MN testified that she was scared when Running Horse came to her wanting to have sex, that Running Horse made her have sex, and that she was afraid he would hurt her.

Running Horse argues that MN's statements were not always consistent, citing an FBI report where MN stated that Running Horse never used force in any of their sexual encounters. However, MN recanted her statement to the FBI and maintained at trial that Running Horse had used force on her. MN testified that she was scared when she talked to the FBI, that her statement to the FBI was not accurate, and that Running Horse had in fact used force on her.

The jury is entitled to evaluate the credibility of witnesses, and to weigh the evidence presented to it. *United States v. Rodriquez*, 116 F.3d 1225, 1227 (8th Cir. 1997). It cannot be said that no reasonable trier of fact could have believed MN's explanation of her statement to the FBI and her testimony at trial.

The evidence at trial was sufficient to establish the element of force. Running Horse's fifth point is denied.

In his final point, Running Horse argues that the district court erred by not sustaining his objection to the imposition of a force enhancement at sentencing.

U.S.S.G. 2A.1(b)(1) provides for a four level increase of the base offense level for an offense committed by means set forth in 18 U.S.C. §2241(a) or (b). Running Horse's convictions under Counts III through VI were pursuant to 18 U.S.C. §2241(a). Force proven sufficient to obtain a conviction under 18 U.S.C. §2241(a) will also sustain an enhancement under U.S.S.G. 2A.1(b)(1). *United States v. Bordeaux*, 997 F.2d 419, 420 (8th Cir. 1993). The district court assessment of a force enhancement at sentencing was proper.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-