**UNITED STATES of America,
Plaintiff,**

v.

**William Paul See WALKER,
Defendant.**

**No. C1–04–085.**

United States District Court,
D. North Dakota,
Southwestern Division.

Feb. 4, 2005.

Rick L. Volk, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

Brenda A. Neubauer, Neubauer & Oster, Bismarck, ND, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO PRODUCE FOR INDEPENDENT EXAMINATION AND INTERVIEW

HOVLAND, Chief Judge.

Before the Court is the Defendant's pleading entitled "Motion to Produce for Independent Examination and Interview" which was filed on January 21, 2005 (Docket No. 17). The Government has filed a brief in opposition to the motion.

The Defendant, William Paul See Walker, is charged in a one-count Indictment with Aggravated Sexual Abuse of a person who has not yet attained the age of 12 in violation of 18 U.S.C. §§ 2241(c). There are two alleged victims in this case; a seven-year old and a four-year old. In preparation for trial, the Government conducted a forensic interview of each child at the Children's Advocacy Center in Bismarck, North Dakota. The forensic interviews were conducted by Paula Condol, MS, LPCC. Videotapes of those interviews were produced during discovery and were sent to the Defendant's attorney. *See* United States' Response to Motion to Produce, Ex.'s 1–2.

On December 9, 2004, the Government sent a letter to defense counsel explaining the role that Ms. Condol may play at trial. The letter reads in relevant part as follows:

Trial of the above matter is scheduled to commence January 18, 2005,[1] at the United States Courthouse in Bismarck, ND. As part of its case-in-chief, the United States may call Paula Condol, as a witness/expert witness. Ms. Condol may be asked to testify about the statements made by the juvenile victim of the offense to her during the course of the forensic interview pursuant to Rule 807 of the Federal Rules of Evidence. I may also ask that the videotape of that interview by played to the jury. I have enclosed a copy of Ms. Condol's resume and the protocol established for interviewing alleged child victims of sexual abuse followed by the Children's Advocacy Center. [ ... ] The Eighth Circuit's decision in *United States v. Thunder Horse,* 370 F.3d 745 (8th Cir.2004) permits admission of such testimony.

*See* United States' Response to Motion to Produce, Ex. 1.

On January 21, 2005, the Defendant filed the present motion requesting that the seven-year old victim be produced "for an independent examination and interview by a qualified Psychologist." *See* Defendant's Motion to Produce. The Defendant proposes that he is entitled to the same access to the seven-year old victim as the Government and advances the following argument in support of his motion:

If Ms. Condol is called as an expert witness on behalf of the Government, she will have an advantage of testifying and *presenting her opinions* based on her firsthand observation and interview of the children. This creates an unfair advantage by amplifying Ms. Condol's testimony and findings regarding the older child with the jury. Certainly basing an expert opinion on direct examination of the child would have much more influence on the jury, verses a simple review of discovery documents by a defense expert.

*See* Defendant's Brief in Support of Motion to Produce, p. 2. (emphasis added).

The Defendant's concerns are unfounded and unsupported by the law. Although the Defendant contends that Ms. Condol will be "presenting her opinions," the Government states that she will not, and moreover, she is strictly prohibited from doing so. The Government correctly recognizes

---

1. Based on a request by the Defendant, the trial has been rescheduled to March 24, 2005.

that the law does not permit an expert witness to express an opinion as to the credibility or veracity of a child. *See United States v. Waters,* 194 F.3d 926 (8th Cir.1999); *United States v. Running Horse,* 175 F.3d 635, 638 (8th Cir.1999) (citing *United States v. St. Pierre,* 812 F.2d 417, 419–20 (8th Cir.1987)) ("a clinical psychologist may testify to certain traits of sexually abused children as compared to those exhibited by the victim as long as no opinion is given as to whether the victim is telling the truth."); *United States v. Whitted,* 11 F.3d 782, 785–86 (8th Cir.1993). The videotapes provided to the Defendant contain both forensic interviews. Counsel for the Defendant will have a full opportunity to cross-examine Ms. Condol to challenge her interviewing techniques with the children, and counsel will have the opportunity to comment on the suggestibility of the investigative practices employed.[2]

In *United States v. Sumner,* 119 F.3d 658 (8th Cir.1997), the Eighth Circuit Court of Appeals addressed the issue of independent medical and psychological examinations of minor children by expert witnesses retained on behalf of a defendant. In *Sumner,* the defendant had moved to compel the examination of a child victim. The district court denied the motion and concluded that the defendant's due process and confrontation rights would not be violated by the lack of an adverse examination. The district court noted that the only compelling need the defendant had identified for an examination was that the government's expert witnesses may opine on ultimate issues such as whether the abuse occurred or whether the child was truthful. 119 F.3d 658, 663. The Eighth Circuit stated that the govern-

ment's expert witnesses were not permitted to testify on the issue of whether the abuse occurred or whether the child was truthful. *See United States v. Whitted,* 11 F.3d 782, 785–786 (8th Cir.1993) (expert cannot give opinion as to whether sexual abuse has occurred or pass judgment on alleged victim's truthfulness). The Eighth Circuit further held that the district court had not abused its discretion in denying the motion for an independent medical and psychological examination. 119 F.3d 658, 663.

The Defendant has offered no legal support for his contention that he must be afforded an opportunity to independently interview the minor victim. The holding in *United States v. Sumner* supports the proposition that a forensic interview and examination of a minor victim in a sex abuse case such as this is neither warranted nor necessary. Although Rule 15 of the Federal Rules of Criminal Procedure provides for the taking of depositions under limited circumstances, such circumstances clearly do not exist here. The Defendant has failed to sufficiently establish the need for the requested independent psychological interview/examination.

For the reasons outlined above, the Defendant's Motion to Produce for Independent Examination and Interview is **DENIED** (Docket No. 17).

**IT IS SO ORDERED.**

---

2. The Government contends that the Defendant appears to be challenging the competency of the seven-year old victim, and asserts that any attempt to do so should fail under 18 U.S.C. § 3509. However, the Defendant di-

rectly states that he "is not requesting a competency examination...." *See* Defendant's Reply to United States' Response to Motion to Produce, p. 1.