# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1798

———————

United States of America,

               Appellee,

      v.

Gilarime Michael Mueller,

               Appellant.

\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.

\*  [UNPUBLISHED]

———————

Submitted:  March 23, 2010
Filed:  March 29, 2010

———————

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Gilarime Mueller appeals the district court's[1] judgment entered after a jury found him guilty of conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. Mueller's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the convictions were not supported by the evidence; that the district court erred in not reducing the offense level under Spears v. United States, 129

———————

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

S. Ct. 840 (2009) (per curiam), based on the disparity between powder cocaine and cocaine base; that the court erred in enhancing the sentence for obstruction of justice; and that the court erred in denying the motion to suppress evidence obtained during the search of Mueller's residence. Mueller seeks appointment of new counsel and has filed a pro se brief, in which he argues that the district court violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), when it attributed 4.5 kilograms of cocaine base to him; that there was no proof supporting the drug quantity found by the court; and that his sentence violated the Eighth Amendment.

We hold that the evidence was sufficient to support Mueller's conviction on both counts. <u>See</u> <u>United States v. Birdine</u>, 515 F.3d 842, 844 (8th Cir. 2008) (this court reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in government's favor and accepting all reasonable inferences that support jury's verdict). Four cooperating witnesses testified that they bought cocaine base from Mueller, or participated with Mueller in an arrangement to buy cocaine base or to buy powder cocaine and convert it to cocaine base. <u>See</u> <u>United States v. Cruz</u>, 285 F.3d 692, 700 (8th Cir. 2002) (to prove conspiracy, government must prove existence of agreement to achieve illegal purpose, and defendant's knowledge of agreement and knowing participation in conspiracy). Other testimony showed that Mueller had been present during the cooking, at his residence, of 39.54 grams of cocaine base later seized by police. <u>See</u> <u>United States v. Parker</u>, 587 F.3d 871, 881 (8th Cir. 2009) (to sustain conviction for possession with intent to distribute, government must prove defendant knowingly possessed and intended to distribute drugs); <u>United States v. Mendoza</u>, 421 F.3d 663, 668-69 (8th Cir. 2005) (elements of aiding and abetting possession with intent to distribute are that defendant associated himself with possession of drugs with intent to distribute, he participated in this activity as something that he wished to bring about, and he sought by his action to make this activity succeed). All of the cooperating witnesses testified about their plea agreements and their hopes for reduced sentences in return for their cooperation. <u>See</u> <u>United States v. Foxx</u>, 544 F.3d 943, 950 (8th Cir. 2008) (credibility determinations

are well within province of jury), cert. denied, 130 S. Ct. 91 (2009); United States v. McKay, 431 F.3d 1085, 1094 (8th Cir. 2005) (impeachment evidence was for jury to consider).

We also hold that counsel's Spears argument fails, as the district court addressed the powder/crack cocaine disparity and found that it did not warrant any correction in this case, see United States v. Johnson, 574 F.3d 570, 573 (8th Cir. 2009) (district court did not err where it acknowledged its power to vary from the Guidelines to address powder/crack cocaine disparity and chose not to); and that the district court did not err in imposing an enhancement for obstruction of justice, based on its findings that Mueller had attacked an inmate who could have testified against him at sentencing, see U.S.S.G. § 3C1.1 comment. (n.1) (adjustment applies if obstructive conduct occurred with respect to investigation, prosecution, or sentencing of instant offense); United States v. Thompson, 210 F.3d 855, 860-61 (8th Cir. 2000) (obstruction enhancement based on fact-finding is reviewed for clear error; attempt to intimidate or threaten witness is sufficient for enhancement).

We further hold that the district court did not err in denying Mueller's motion to suppress, as the evidence supported the court's findings that there was probable cause for the warrant to search Mueller's residence and that the seizure of the residence while waiting for the warrant was reasonable. See Illinois v. McArthur, 531 U.S. 326, 330-33 (2001) (factors for determining whether seizure pending warrant was reasonable); Illinois v. Gates, 462 U.S. 213, 238 (1983) (probable-cause determination); United States v. Clarke, 564 F.3d 949, 958 (8th Cir.) (standard of review for denial of suppression motion), cert. denied, 130 S. Ct. 651 (2009).

As to the pro se arguments, we conclude that the district court's drug-quantity finding (1) did not violate Apprendi, as Mueller was sentenced within the applicable statutory maximum, see 530 U.S. at 490; (2) was properly based on the preponderance-of-the-evidence standard, as the court applied advisory Guidelines, see

United States v. Hines, 472 F.3d 1038, 1040 (8th Cir. 2007) (per curiam); and (3) was amply supported by the testimony of co-conspirator Andrew Sullivan.  We further conclude that Mueller's 380-month sentence neither violated the Eighth Amendment, given the large quantity of cocaine base involved and Mueller's criminal history, see United States v. James, 564 F.3d 960, 964 (8th Cir.), cert. denied, 130 S. Ct. 433 (2009), nor constituted an abuse of discretion, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (listing factors that constitute abuse of discretion).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal.  Accordingly, the judgment is affirmed, counsel is granted leave to withdraw, and Mueller's motion for new counsel is denied.

_____