# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1715
_____

United States of America

*Plaintiff - Appellee*

v.

Frank James Garth, also known as Nitti

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: April 19, 2019
Filed: July 11, 2019
[Published]
_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Defendant Frank Garth pleaded guilty to distributing less than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). At sentencing, the district court[1] determined, without objection, that Garth was a career offender with

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

a total offense level of 31 and a criminal history category of VI, resulting in an advisory guidelines sentencing range of 188 to 235 months and a statutory range of 5 to 40 years imprisonment. The district court sentenced Garth to 200 months in prison, based primarily on Garth's "long history of dealing drugs." On appeal, Garth argues that this "draconian" sentence violates the Eighth Amendment because it is grossly disproportionate to the severity of his crime. Reviewing this contention for plain error, we affirm.

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" Ewing v. California, 538 U.S. 11, 20 (2003) (plurality opinion), quoting Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991) (Kennedy, J., concurring). "An Eighth Amendment violation may be found only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." United States v. James, 564 F.3d 960, 964 (8th Cir. 2009) (quotation omitted). "*[S]uccessful* challenges to the proportionality of particular [noncapital] sentences are exceedingly rare." United States v. Paton, 535 F.3d 829, 837 (8th Cir. 2008) (emphasis in original; quotation omitted); see United States v. Wiest, 596 F.3d 906, 911 (8th Cir. 2010).

Garth's sentence does not come close to violating this gross disproportionality Eighth Amendment standard. His 200-month sentence is within the advisory guidelines range and well within the statutory range of punishment for his offense. It is significantly shorter than the 262-month sentence in James, the 40-year sentence in Hutto v. Davis, 454 U.S. 370 (1982), and the life without parole sentence in Harmelin. Garth committed a serious offense, helping distribute larger quantities of methamphetamine (47.4831 grams actual) than the marijuana equivalent quantities of marijuana, cocaine, and cocaine base possessed by the defendants in James, Hutto, and Harmelin. Finally, we have repeatedly held that an extensive criminal history like Garth's is a factor "justifying the imposition of lengthy sentences." James, 564 F.3d

at 964, and cases cited. "Recidivism has long been recognized as a legitimate basis for increased punishment." Ewing, 538 U.S. at 25.

For the foregoing reasons, we conclude that the district court did not commit plain Eighth Amendment error in sentencing Garth to 200 months imprisonment. The judgment of the district court is affirmed. We deny as moot the government's motion to dismiss the appeal.

_____