# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 19-2692

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Christopher A. Jefferson, also known as Big Al, also known as Big A

*Defendant - Appellant*

————————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

————————————

Submitted: April 17, 2020
Filed: September 4, 2020
[Unpublished]

————————————

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

————————————

PER CURIAM.

Christopher Jefferson pleaded guilty to one count of conspiracy to distribute 500 grams or more of methamphetamine. The district court[1] imposed a 300-month

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

sentence and a five-year term of supervised release. Jefferson appeals, arguing his sentence was imposed in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. The government moves to dismiss on the grounds of an appeal waiver in the written plea agreement. Assuming without deciding that Jefferson's appeal falls outside of the waiver, we affirm.

At sentencing, the district court determined, without objection, that Jefferson qualified as a career offender under the Sentencing Guidelines and calculated a Guidelines range of 360 months to life. Jefferson requested a ten-year sentence, the statutory mandatory minimum, arguing that his criminal history was overstated in the Guidelines calculation. The district court imposed a 300-month sentence, which Jefferson argues is "disproportionately harsh in relation to his conduct and criminal history" and thus in violation of the Eighth Amendment.

Because Jefferson failed to raise this constitutional issue in the district court, we apply plain error review. United States v. Humphrey, 753 F.3d 813, 818 (8th Cir. 2014). Under plain error review, Jefferson must show (1) an error, (2) that is plain, and (3) that affects his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). We will exercise our discretion to correct such an error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (cleaned up).

The Eighth Amendment prohibits "sentences that are disproportionate to the crime committed," a principle that is "deeply rooted and frequently repeated in common-law jurisprudence." Solem v. Helm, 463 U.S. 277, 284 (1983). But Jefferson has failed to show that his is "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." United States v. Spires, 628 F.3d 1049, 1054 (8th Cir. 2011) (quoting United States v. Scott, 610 F.3d 1009, 1017 (8th Cir. 2010)). Jefferson's sentence is undoubtedly long, as even the government concedes. But at 300 months,

it is below the statutory maximum of life imprisonment, and below the calculated Sentencing Guidelines range of 360 months to life imprisonment. See United States v. Weis, 487 F.3d 1148, 1154 (8th Cir. 2007) ("It is rare for a term of years within the authorized statutory range to violate the Eighth Amendment.").

Jefferson asserts nevertheless that the drug quantities attributed to him for purposes of calculating his Guidelines range[2] were "speculative" and based on the suspect testimony of his coconspirators. He also points to the lack of violence associated with his current conviction or with either of the prior drug trafficking convictions that qualified him for career offender status under the Guidelines. The district court addressed these arguments, which Jefferson raised in support of his motion for a downward variance, and said the fact that "there were no guns or violence associated with [Jefferson's] conspiracy" was "a very strong positive" factor in Jefferson's favor. But it also concluded that Jefferson was "a kingpin of a big drug conspiracy that operated for a long time and distributed a lot of drugs, damaging our community." In the end, recognizing Jefferson's youth at the time of his prior convictions, the district court imposed a sentence 60 months below the advisory Guidelines range. See United States v. Garth, 929 F.3d 967, 969 (8th Cir. 2019) (distribution of large quantities of controlled substances and recidivism are both legitimate factors to consider when determining an appropriate sentence). Given this fact-finding, we discern no plain constitutional error in the sentence imposed. And Jefferson's cursory argument that the First Step Act "implicates a new standard for whether or not a sentence violates the Eighth Amendment" is not availing.

Finding no plain error in the imposition of Jefferson's sentence, we affirm the judgment of the district court.

_____

[2]Jefferson's offense level as determined under Chapters Two and Three of the Guidelines was higher than the offense level as determined under Chapter Four. See USSG § 4B1.1(b).