# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1377
_____

United States of America

*Plaintiff - Appellee*

v.

Deaviea David Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska

_____

Submitted: November 16, 2020
Filed: February 2, 2021
[Unpublished]

_____

Before BENTON, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Deaviea David Brown to 30 months of imprisonment after Brown pled guilty to being a felon in possession of ammunition—a single bullet. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal,

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Brown contends that sentence is substantively unreasonable and violates the Eighth Amendment. We affirm.

We review a sentence's substantive reasonableness under a deferential abuse of discretion standard. *United States v. Mitchell*, 914 F.3d 581, 587 (8th Cir. 2019). Under that "narrow and deferential" standard, "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable [United States Sentencing] Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). And "[w]e presume sentences within the Guidelines recommended range are reasonable." *United States v. DaCruz-Mendes*, 970 F.3d 904, 910 (8th Cir. 2020).

A district court abuses its discretion if "it . . . fails to consider a relevant factor that should have received significant weight . . . [or] gives significant weight to an improper or irrelevant factor." *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) (alterations in original) (quoting *Feemster*, 572 F.3d at 461).

Because Brown's sentence is at the bottom of the Guidelines range, we presume the sentence is reasonable. Brown did not rebut that presumption. We also note that during the sentencing hearing, the district court specifically addressed the § 3553(a) factors. 18 U.S.C. § 3553(a); *United States v. Duke*, 932 F.3d 1056, 1061 (8th Cir. 2019) (clarifying that a sentencing court must consider the § 3553(a) factors but need not expressly make an individualized assessment of each one). We see no basis to conclude either that the district court improperly weighed the § 3553(a) factors or that the sentence it imposed was substantively unreasonable. *See United States v. Long*, 906 F.3d 720, 727 (8th Cir. 2018) (emphasizing the district court's discretion to weigh the sentencing factors).

We next address Brown's suggestion that the sentence violates the Eighth Amendment. "The Eighth Amendment, which forbids cruel and unusual

punishments, contains a narrow proportionality principle that applies to noncapital sentences." *United States v. Garth*, 929 F.3d 967, 969 (8th Cir. 2019) (cleaned up) (quoting *Ewing v. California*, 538 U.S. 11, 20 (2003) (plurality opinion)). Under this proportionality principle, "[a]n Eighth Amendment violation may be found only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *United States v. James*, 564 F.3d 960, 964 (8th Cir. 2009) (quoting *United States v. Whitehead*, 487 F.3d 1068, 1070 (8th Cir. 2007)). Also, the proportionality principle in Eighth Amendment law is quite limited. *See United States v. Paton*, 535 F.3d 829, 837 (8th Cir. 2008) ("Successful challenges to the proportionality of particular [noncapital] sentences are exceedingly rare." (quoting *United States v. Weis*, 487 F.3d 1148, 1153 (8th Cir. 2007))).

Under this standard, the proportionality argument presented simply lacks sufficient basis for this court to conclude that Brown's sentence—which was at the bottom of the recommended Guidelines range—is one of those "exceedingly rare" cases that raises the gross-disproportionality inference. While 30 months of imprisonment for possession of a single bullet may seem, on its surface, disproportionate, the penalty relates to the prohibition on convicted felons possessing ammunition of any amount. The sentence does not violate the Eighth Amendment.

The district court's judgment is affirmed.

_____